UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUL 16 2008



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CITY OF ELK POINT, | CIV 08-4065 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER RE: REMAND |
| JOHN ROMAN, | |
| Defendant and Third-Party Plaintiff, | |
| vs. | |
| RYAN FLEEK, Chief of Police of the City of Elk Point, in his individual capacity, | |
| Third-Party Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The parties have stipulated to remand the claims between the City of Elk Point and John Roman back to State Court as those claims are not properly subject to removal to Federal Court. The parties have stated they would not object to this Court retaining Roman's Third-Party Complaint against Ryan Fleek, now named as a Third-Party Defendant. However, the parties have neither specifically requested that this Court retain the Third -Party Complaint nor provided authority for such a request.

Generally, removability depends on whether a district court would have original jurisdiction of the action based on the cause or causes of action in the Plaintiff's complaint. *See First Nat'l Bank of Aberdeen v. Aberdeen Nat'l Bank*, 627 F.2d 843 (8th Cir. 1980); 28 U.S.C. § 1441(a). Plaintiff's Complaint did not support original jurisdiction in this case.

The Complaint in this case is based upon an agreement in which the Defendant John Roman allegedly agreed to reimburse the Plaintiff, City of Elk Point, for training and other expenses relating

to replacing Roman if his employment ended within two years of academy training for reasons other than injury or force reduction. The Counterclaim and Third-Party Complaint allege retaliation and termination of Roman's employment because of his efforts to create a labor union. The Third-Party Complaint alleges that the Third Party Defendant, Elk Point Chief of Police, Ryan Fleek, acting under color of state law violated Roman's Constitutional rights. In addition, the Third-Party Complaint alleges violations of the National Labor Relations Act without specifying the violation of that Act. Because all of the claims arise out a common nucleus of operative facts, the interests of judicial economy appear to be best served by remanding the entire case to State Court. When the National Labor Relations Act claim is more clearly articulated the State Court can determine whether it or the National Labor Relations Board has jurisdiction to consider the claim. *See Stricker v. Swift Brothers Construction Co.*, 260 N.W.2d 500, 504 (S.D. 1977); *see also, Law v. International Union of Operating Engineers Local No. 37*, 373 Md. 459, 818 A.2d 1136 (2003). If it should be determined that this Court has exclusive jurisdiction over any of the Third-Party claims, this Order does not prejudice the Third-Party Plaintiff from commencing an action in this Court. Accordingly,

**IT IS ORDERED** that all of the claims in the above-entitled action are remanded to State Court.

Dated this 16th day of July, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY